```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
RAVI BALU, et al.              :       CIVIL ACTION
                               :
     V.                        :
                               :
THE CINCINNATI INSURANCE       :
COMPANY                        :       NO. 19-3604
```

MEMORANDUM

Bartle, J.                                              April 9 , 2020

        Insureds Ravi and Raji Balu bring this diversity action against The Cincinnati Insurance Company ("Cincinnati Insurance") for breach of contract and bad faith under 42 Pa.C.S. § 8371.  Before the court is the motion of Cincinnati Insurance for summary judgment on plaintiffs' bad faith claim.

I

        The following facts are undisputed.  Plaintiffs were insured under a homeowner's insurance policy with Cincinnati Insurance.  In 2016, they submitted a claim under the policy to recover for water damage to the roof above their pool and dining room and to the interior walls and ceiling of their pool room. Cincinnati Insurance paid for the water damage to the interior of the pool room but retained Forensic Engineer Scott M. Wasson to investigate the roof above the dining and pool room.

        Wasson issued a detailed report on July 11, 2016.  He concluded that damage to the roof above the dining and pool

rooms was caused by improper construction, namely inadequate roof slope and sealing.  Wasson also noted that several shingles were partially unsealed but showed no sign of wind damage.  He concluded that the interior damage to the walls and ceiling of plaintiffs' pool room was the result of water intrusion caused by the improper sealing of a plumbing vent, a fireplace vent, and the skylights in the roof of the pool room.

Cincinnati Insurance sent a letter on July 26, 2016 in which it informed the plaintiffs that their claim for damage to the roof was denied.  The letter explained that the roof damage was not caused by a storm related incident but by the improper construction of plaintiffs' roof.  The letter also noted that the interior damage to the pool room, which Cincinnati Insurance already covered, was the result of the improper construction. Cincinnati Insurance denied plaintiffs' claim because coverage for damage caused by faulty, inadequate, or defective workmanship was explicitly excluded in their homeowner's insurance policy.  The plaintiffs never disputed Wasson's analysis.

On June 4, 2018, Cincinnati Insurance received a second claim from the plaintiffs.  This claim also sought recovery for damages to plaintiffs' roof and the interior of their pool room.  Cincinnati Insurance again retained Wasson to investigate the loss.  Wasson issued a second report on July 6,

-2-

2018 in which he again concluded that the damage to the interior of the pool room and the roof was a result of faulty construction of the roof. Cincinnati Insurance sent another letter on August 15, 2018. The letter explained that the company was denying the second claim because the damage to roof was caused by the same faulty construction identified in 2016. Cincinnati Insurance did not cover the water damage to the interior of the pool room a second time because it was caused by the faulty construction of the roof which plaintiffs had not repaired.

The plaintiffs retained Metro Public Adjustment, Inc. ("Metro") to investigate the damage. Wasson and a Metro representative met at the insured residence for a mutual inspection. Metro Senior Claims Adjuster Jason J. Cortazzo sent a letter to Cincinnati Insured on October 30, 2018 in which he stated that though there may be evidence of installation issues, the plaintiffs are not seeking coverage for faulty construction. They are seeking coverage for damage caused by wind, snow, and ice. Cortazzo noted that an improperly installed roof only makes it more susceptible to wind damage.

The plaintiffs submitted to Cincinnati Insurance a separate engineering report prepared by engineer Joseph F.

Boward.[1]  Wasson reviewed the report but did not alter his findings.  Cincinnati Insurance did not change its decision to deny the plaintiffs' 2018 claim.

II

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis original).  A factual dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  Id.  A factual dispute is material if it might affect the outcome of the suit under governing law.  Id. at 248.

Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  "A party asserting that a fact . . . is genuinely disputed must support

---

1. This engineering report is not a part of the summary judgment record.

the assertion by . . . citing to particular parts of materials in the record." Fed. R. C. P. 56(c)(1). In addition, Rule 56(e)(2) provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

III

Under Pennsylvania law, an insured may recover interest, punitive damages, court costs, and attorney fees "if the court finds that the insurer has acted in bad faith toward the insured." 42 Pa.C.S. § 8371. The Supreme Court of Pennsylvania has explained:

> "[T]o prevail in a bad faith insurance claim pursuant to Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim. . . Proof of the insurer's subjective motive of self-interest or ill-will . . . is not a necessary prerequisite to succeeding in a bad faith claim.

Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017). "[A]n insurer may defeat a claim of bad faith by showing that it had a reasonable basis for its actions." Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 179 (3d Cir. 2011).

Consequently, Summary judgment of a bad faith claim under Section 8371 is appropriate where the insured fails to present clear and convincing evidence that the insurer's conduct was unreasonable and that insurer knew or recklessly disregarded its lack of a reasonable basis for denying coverage. Bostick v. ITT Hartford Grp., Inc., 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999).

The plaintiffs' argue that Cincinnati Insurance incorrectly relied on its resolution of the 2016 claim to conclude that the new damage to their roof and pool room interior in 2018 was caused by the faulty roof construction identified in 2016. However, the plaintiffs' concede that they did not repair the roof after their 2016 claim was denied. Nor do they dispute that Wasson performed a second inspection and again concluded that the same unrepaired faulty construction caused the claimed damage. The gist of plaintiffs' dispute is that the damage was caused by wind, snow, and ice.

Whether Cincinnati Insurance correctly identified the cause of damage is not material to the plaintiffs' bad faith claim. See Bostick, 56 F. Supp. 2d at 587. Rather, the plaintiffs must present clear and convincing evidence to substantiate their claim that Cincinnati Insurance acted unreasonably. See id. The record demonstrates that Cincinnati Insurance sent Wasson to perform a second inspection and based

its denial of the 2018 claim on the results of his investigation.  For purposes of defeating a bad faith claim, an insurer may rely on the conclusions of its independent experts.  See id.

No genuine disputes of material fact exist, and no jury could reasonably find that Cincinnati Insurance acted in bad faith.  We will grant the motion of Cincinnati Insurance for summary judgment on the plaintiffs' Pennsylvania bad faith claim.